# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 13-34V
Filed:  December 30, 2013

* * * * * * * * * * * * * *
TRACY JONES, and JOHN JONES, as   *       **TO BE PUBLISHED**
the parents and natural guardians of P.J.,  *
a minor,                                 *
                                        *       Special Master
                                        *       Hamilton-Fieldman
               Petitioners,     *
v.                                  *
                                          *       Decision on the Record, Dismissal of
SECRETARY OF HEALTH         *       Claim for Insufficient Proof; Failure to
AND HUMAN SERVICES,        *       Submit Expert Report; Human
                                          *       Papillomavirus Vaccine; Tourette
               Respondent.     *       Syndrome.
* * * * * * * * * * * * * *

Mark T. Sadaka, Englewood, NJ, for Petitioners.
Tara J. Kilfoyle, Washington, DC, for Respondent.

## DISMISSAL DECISION[1]

On January 15, 2013, Tracy Jones and John Jones ("Petitioners") filed a petition for Vaccine Compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2]  ("Program").  Petition ("Pet") at 1, ECF No. 1.

---

[1] Because this published decision contains a reasoned explanation for the action in the case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347 § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to file a motion for redaction "of any information furnished by that party (1) that is trade secret or commercial or financial information and is privileged or confidential, or (2) that are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).  In the absence of such motion, the entire decision will be available to the public. *Id.*

After a review of the petition and supporting documents, Petitioners' counsel filed a "Motion For A Dismissal Decision," stating that after an investigation of the medical theories and facts of the case, Petitioners would be unlikely to prove that P.J. is entitled to compensation under the Vaccine Program. Motion at 3, ECF No. 24.

# I

## PROCEDURAL HISTORY

On January 15, 2013, Petitioners filed a petition for vaccine compensation. Pet., ECF No. 1. On January 23, 2013, Petitioners filed medical records labeled Exhibits one through three. Filing, ECF No. 4.[3]

The Chief Special Master issued an Initial Order in this case on January 24, 2013. Order, ECF No. 6. Counsel for Respondent, Tara Kilfoyle, also made an appearance on this date. Notice, ECF No. 5.

An initial status conference was held on February 20, 2013. Minute Entry, Feb. 20, 2013. The Chief Special Master issued a Scheduling Order on February 21, 2013, stating that the deadline for the filing of Respondent's Rule 4 Report was suspended, and that Petitioners should file all outstanding medical records by Monday, April 8, 2013. Order, ECF No. 7. The Order also directed Respondent to file a status report, assessing the completeness of the medical record on or before May 8, 2013. *Id.* Petitioners were also ordered to file a supportive expert report from their retained immunologist by June 10, 2013. *Id.*

The case was reassigned to the undersigned on March 4, 2013, pursuant to Vaccine Rule 3(d). Order, ECF No. 8. Petitioners filed medical records from three

---

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42. U.S.C. §300aa (2006).

[3] Exhibit 1: Vaccination Record; Exhibit 2: Memorial Hospital of Texas County-Medical Records; Exhibit 3: Specialty Clinic of St. Anne.

additional providers[4] and a statement of completion on April 8, 2013. Filings, ECF Nos. 9, 10. Petitioners filed an affidavit on April 9, 2013.  Filing, ECF No. 11.

Respondent filed a status report on April 15, 2013, stating that the medical records filed to date were "incomplete and insufficient to evaluate this case." Status Report at 1, ECF No. 12. Respondent requested that Petitioners provide the following:

- An affidavit identifying all medical providers that evaluated or treated P.J., from three years prior to her January 27, 2010 Human Papillomavirus ("HPV") vaccination through the date that the petition was filed.

- P.J.'s complete medical records from all medical providers identified above.

- Vaccination records for P.J.'s January 27, 2010, and June 8, 2010 HPV vaccinations, including manufacturer and lot number information.

- Complete records from P.J.'s February 5, 2010, and July 5, 2012, treatment at Memorial Hospital of Texas County, including all physician's orders, consultations, records of physical or neurological examinations, medication administration records, nursing notes, and discharge summaries.

- Records from any treating providers that have treated P.J. from July 5, 2012 through the present.

- Any additional records relating to P.J.'s treatment by Dr. Richard Hoos, or any other neurologists that evaluated or treated P.J. from three years prior to her January 27, 2010 HPV vaccination through the present.

*Id.* at 2.  A status conference was held on May 21, 2013, before the undersigned. Minute Entry, May 21, 2013.  The undersigned issued a Scheduling Order on June 11, 2013, identifying certain problematic issues in this case.  Order, ECF No. 13. The undersigned noted the sparse number of medical records filed in the case - only 23 pages of medical records had been filed to date.  *Id.* at 1. The undersigned also noted a concern with the diagnosis of Tourette syndrome since P.J. did not appear to meet the diagnosis criteria. *Id.* at 1-2.

On August 6, 2013, Petitioners filed Exhibits eight and nine.[5] Filing, ECF No. 15. Petitioners also filed a status report on this date stating that "[P]etitioner has received

---

[4] These records are as follows: Exhibit 4: Jeffrey J. Lim, M.D. Medical Records; Exhibit 5: Reed Family Clinic Medical Records; Exhibit 6: High Plains Dermatology Medical Records.

correspondence indicating there are no additional medical records from all of P.J.'s medical providers except for Dr. Jeffrey Lim." Status Report, ECF No. 16. On August 27, 2013, Petitioners filed Exhibit 10, labeled as a letter from Dr. Jeffrey Lim. Filing, ECF No. 17. This letter stated that Petitioner had been provided copies of the patient's record "multiple times." *Id.*

A status conference was held on September 10, 2013, at which the undersigned requested additional documentation, including: P.J.'s baby records, a video of P.J.'s current condition, and further clarification from Dr. Barias regarding P.J.'s diagnosis and Dr. Barias's notations in medical records. Order, ECF No. 19. Petitioners thereafter filed Exhibits 11-14 [6] on October 21, 2013. Filing, ECF No. 22.

A status conference was held before the undersigned on October 22, 2013. Minute Entry, Oct. 22, 2013. The undersigned ordered Petitioners to file a status report, identifying steps they had taken to procure an independent medical examination, or the medical records from such an examination, by December 17, 2013. Order, ECF No. 23. On December 17, 2013, Petitioners filed a "Motion For A Dismissal Decision." Motion, ECF No. 24.

## II

## FACTUAL HISTORY

At the time of vaccination, Petitioners' daughter, P.J., was 11 years old. Pet'rs' Ex. 11 at 83. P.J. received her second HPV vaccination on January 27, 2010. Pet'rs' Ex. 1 at 2.

P.J. visited the Memorial Hospital of Texas County on February 5, 2010, complaining of continuous eye blinking and occasional jerks of her left arm and leg; her doctor ordered blood work and a CT scan, and her blood test revealed a positive ANA screen. Pet'rs' Ex. 3 at 2. P.J. was diagnosed with "Tic Disorder Not Otherwise Specified" on this date. *Id.* at 1.

P.J. was diagnosed with Tourette syndrome on February 9, 2010, when she returned to Memorial Hospital of Texas County and was examined by Dr. Emmanuel

---

[5] Exhibit eight: Medical Correspondence from Healthcare Providers; Exhibit nine: Certification of Conversation with Dr. Barias.

[6] Exhibit 11: Birth and Childhood Records from Memorial Hospital of Texas County; Exhibit 12: Letter from Memorial Hospital of Texas County; Exhibit 13: Addendum to Medical Record by Dr. Emmanuel Barias at St. Anne's Specialty Clinic; Exhibit 14: Letter from Texas County Health Department (Oklahoma).

Barias, M.D. *Id.* at 4. Dr. Barias indicates in his medical notes from this visit that "[D]oubt that ANA is significant in this case; fulfills all criteria for tourette." *Id.* On June 8, 2010, P.J. received the third and final HPV vaccine. Pet'rs' Ex. 1 at 2.

On July 3, 2012, P.J. returned to seek medical treatment due to continued facial tics; she was diagnosed with "[T]ics and spasms, compulsive." Pet'rs' Ex. 3 at 5.

## III

## DISCUSSION

To receive compensation under the Program, Petitioners must prove either: 1) that their daughter, P.J., suffered a "Table Injury"- i.e., an injury falling within the Vaccine Injury Table-corresponding to one of her vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine. *See* §300aa-13(a)(1)(A) and §300aa-11(c)(1).

Petitioners' petition alleged that P.J. suffered from Tourette syndrome as a result of receiving a second HPV vaccination on January 27, 2010. Pet'rs' Ex. 1 at 1.

To establish vaccine causation, Petitioners must satisfy all prongs of the test established by the court in *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). To satisfy the first prong of the *Althen* test, Petitioners must provide "a medical theory causally connecting the vaccination and the injury." *Id.* (quoting *Grant v. Sec'y of Health & Human Servs.*, 956 F.2d 1144, 1148 (Fed. Cir.1992)). Petitioners' theory must show that it is more likely than not that the vaccine P.J. received can cause the injuries that Petitioners allege the vaccine caused. *See Moberly v. Sec'y of Health & Human Servs.*, 592 F.3d 1315, 1323-24 (Fed. Cir. 2010).

To satisfy the second prong of the *Althen* test, Petitioners must establish "a logical sequence of cause and effect showing that the vaccination was the reason for the injury." *Althen*, 418 F.3d at 1278. That is, Petitioners must show by preponderant evidence (more likely than not) that the vaccine their daughter received *did* cause the injuries they allege it caused. *See Capizzano v. Sec'y of Health & Human Servs.*, 440 F.3d 1317, 1326 (Fed. Cir. 2006).

Finally, to satisfy the third prong of *Althen*, Petitioners must produce preponderant evidence of "a proximate temporal relationship between vaccination and injury." *Althen*, 418 F.3d at 1278. This prong helps to establish the connection between the causal theory of prong one and the more fact-based cause and effect arguments of prong two by demonstrating, "that the onset of symptoms occurred within a timeframe for which, given the medical understanding of the disorder's etiology, it is medically acceptable to infer

5

causation-in-fact." *De Bazan v. Sec'y of Health & Human Servs.*, 539 F.3d 1347, 1352 (Fed. Cir. 2008).

The undersigned is not authorized to make a finding of causation based on the claims of a Petitioner alone, unsubstantiated by medical records or a medical opinion. *See* 42 U.S.C. §300aa-13(a)(1). Petitioners moved for a decision by the Special Master dismissing the case on the grounds that "[a]n investigation of the facts, medical theories, and legal precedents supporting this case have demonstrated to Petitioners that they will likely be unable to prove that P.J. is entitled to compensation from the Vaccine Program." Motion at 3, ECF No. 24. Although Petitioners were diligent in their efforts to collect certain medical records requested by the undersigned and Respondent's counsel, the undersigned expressed concerns about the credibility of Dr. Barias, P.J.'s diagnosing and primary treating physician. As such, the undersigned directed Petitioners' counsel to have P.J. independently evaluated by another treating physician and file those medical records with the Court. Order, ECF no. 23.

No such independent medical evaluation occurred in this case. No expert report has been filed in this case. A review of the record in this case provides no evidence demonstrating that P.J.'s medical condition was vaccine-caused.

Without evidence of a reliable, scientific theory, a logical sequence of cause and effect, and a proximate temporal relationship between vaccination and alleged injury, Petitioners cannot meet their burden of proof under the three-prong test of *Althen*. The undersigned therefore **GRANTS** Petitioners' Motion to Dismiss.

IV

**CONCLUSION**

The undersigned is sympathetic to the fact that P.J. suffers from a medical condition. However, under the law, the undersigned can authorize vaccine injury compensation only if a medical condition or injury either falls within one of the "Table Injury" categories, or is shown by medical records or a competent medical opinion to be vaccine-caused. No such proof exists in this record. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**[7]

---

[7] To preserve whatever right Petitioners may have to file a civil action in another court, they must file an "Election to File a Civil Action" which rejects the judgment from this court within 90 days of the date judgment was filed.

**IT IS SO ORDERED.**

      <u>/s/ Lisa D. Hamilton-Fieldman</u>
Lisa D. Hamilton-Fieldman
Special Master